GEORGE BENZ v. CITY OF ST. PAUL and Others.

August 2, 1899.

On Application for Writ of Mandamus.

May 3, 1900.

Nos. 11,660, 12,222—(210).

**Boundary Lines—Constitution—Amendment of Complaint—Mandamus.**
The title of Laws 1893, c. 68 (G. S. 1894, §§ 5823–5829), reads as follows: "An act to provide for fixing and establishing boundary lines of land by civil action." The law itself provides that, when the lines and boundaries of two or more tracts of land depend upon any common point, line, or landmark, the owner or any person interested in any of such tracts may bring an action against the owners or persons interested in the other tracts to have all the boundaries fixed and established, and for this purpose the court shall try and determine any actual claim in respect to any portion of the land involved which it may be necessary to determine for a complete settlement of the boundary lines involved. *Held*, that this law

is not unconstitutional, as embracing more than one subject, and this subject is expressed in its title.

Action in the district court for Ramsey county to have boundary lines fixed and established. The case was tried before O. B. Lewis, J., who made findings of fact and conclusions of law, and from an order denying a motion for a new trial, defendants (except the city of St. Paul, Rosa W. Kelly, William Louis Kelly, Annie McMillan and James T. McMillan) appealed. Reversed.

*Stevens, O'Brien, Cole & Albrecht,* for appellants.

*Munn & Thygeson,* for respondent Benz.

*James E. Markham* and *Franklin H. Griggs,* for respondent city of St. Paul.

*William Louis Kelly, Jr.,* and *McDonald, Kelly & Stobbart,* for respondents Kelly.

BUCK, J.

The plaintiff owns lots 8 to 14, inclusive, in block 4, of Dawson & Smith's enlargement of Dawson & Smith's addition to St. Paul, Ramsey county, Minnesota. The lots front on Jackson street, in said city of St. Paul, and this block is bounded on all sides by public streets. The defendant Stevens owns lots 15 and 16 in said block, in the rear of plaintiff's said lots, fronting on Sherburne avenue. The other defendants are owners of other lots in said block, except the defendant city of St. Paul, which claims to have an easement in a portion of plaintiff's lots fronting on Jackson street.

It is alleged in the complaint that the lines and boundaries of the several lots in said block 4, and the streets surrounding the same, depend upon a common point, line, or landmark, and that the stakes marking the said boundaries were many years ago removed and lost without any fault of the plaintiff or of any person through whom he derives or claims title to said lots; and the original place of said stakes is not exactly or positively known. It is further alleged in the complaint that by reason of the uncertainty as to the exact location of the boundary lines of said block, and as to the Sherburne avenue, or southerly, line thereof, and as to how much the said block, when measured on the ground along said last-mentioned line, exceeds the length of said line as appears and as indicated on said

plat, none of the parties hereto knows the easterly or westerly boundaries of the land so claimed by him, her, or it, and no one of the parties knew the location or precise quantity of land to which he, she, or it is entitled in said block; and unless the said boundary lines of said block, and the easterly and westerly lines of said lots, as the same actually exist upon the ground, shall be determined by the court in this action as between all the parties hereto, many different suits will be needed and will be brought between the several parties to this action to determine the boundaries of the lots and parts of lots so claimed by them respectively.

Upon these alleged facts this action was brought under Laws 1893, c. 68 (G. S. 1894, §§ 5823–5829), to have the true location upon the ground of the easterly and westerly lines of said block, and the actual length upon the ground of said Sherburne avenue, or southerly, line of said block ascertained and fixed by the direction of the court, and monuments thereof duly established in accordance with the statute in such case provided. Also that, if there was a surplus in said block, that it be equitably apportioned. The separate answers of the different defendants raised various issues which were tried by the court. It was stipulated upon the trial that the lines of lot 19, as originally platted, had been constantly maintained by defendant Rosa W. Kelly, and that she had perfect title to all the land embraced within said lines. It was also stipulated that the plaintiff had like title to lots 8 to 14, inclusive; the defendant Hiram F. Stevens like title to lots 15 and 16; the defendant Laurence Minot like title to lots 17 and 18; the defendant St. Paul Title Insurance & Trust Company like title to lots 5, 6, and 7; the defendant Charles H. Petsch like title to lot 4; the defendant the Broadway Improvement Company like title to lots 2 and 3; and the defendant Annie McMillan like title to lots 1, 20, and 21, subject to the effect of a deed from her and her husband, James T. McMillan, to the defendant Rosa W. Kelly, of a strip between two and three feet wide off the easterly side of lots 20 and 1, which deed is of record in the office of the register of deeds of Ramsey county. It appeared that the defendant city of St. Paul, 12 years before the commencement of the action, took possession of a strip off the easterly side of the block, 19.19 feet wide at the southerly end and 12.16

feet wide at the northerly end, and has since occupied and improved it as a public street.

The plat (plaintiff's Exhibit A) and the testimony enabled the court to exactly define and adjudicate the title of all parties to the action to each tract in the block. In the findings of fact and conclusions of law the court omitted to do this, but went no further than to describe the plat attached to the complaint as Exhibit A, and to find that at the time of laying out the same the proprietors thereof caused to be platted and fixed at the corners of some of the lots therein and on the ground stakes and monuments, and that some of them became removed, and that there is not now, and there never has been, any difficulty in locating said addition or fixing the boundary line of any of the lots therein, as the same were originally laid out; also that the northerly, westerly, and southerly lines of the block are coincident with the lines of the streets as improved, and that the easterly line of the block extended as far easterly from Cedar street as shown upon Exhibit A. The court did not find anything with reference to surplusage. It found that the city of St. Paul, for a period of more than six years prior to the commencement of the action, had continuously possessed, used, and kept in repair as a public highway the strip above described.

As conclusions of law it was determined that, as between the plaintiff and the city, said strip had become a part of Robert and Jackson streets, and that, subject thereto, the plaintiff was the owner of lots 8 to 14, inclusive; that, as between the plaintiff and the other parties, except the city, "said other parties are entitled to judgment that this action be dismissed as to each of them"; that, save as aforesaid, the parties were not entitled to any relief. From an order denying the motion for a new trial upon the ground that the decision is not justified by the evidence, and is contrary to law, this appeal is taken.

So far as the determination of the trial court affected the rights of these appellants (one especially,—those of the defendant Stevens), we think it erred. The object of the law above quoted was under consideration in the recent case of Stadin v. Helin, 76 Minn. 496, 79 W. 537, and it was there said that the object of the act of 1893 is to provide a method of establishing disputed boundaries between ad-

joining landowners, and thereby determining their respective rights of property, and not merely to ascertain where the original government lines and corners were located. If the inquiry is to be limited to the latter, it is apparent that in many cases it would determine no right whatever; as, for example, where the parties by their acts have mutually agreed on and accepted a boundary line different from the original government line, or where one of them had or claimed to have acquired title by adverse possession to land on the other side of the government line. Hence section 5829 of the statutes provides that

"The court shall try and determine any adverse claims in respect to any portion of the land involved which it may be necessary to determine for a complete settlement of the boundary lines involved."

It is clear that this statute was not intended to cover cases where the sole question was as to the title in fee, but for the court to try and determine adverse claims to the land, in order that the court might determine the true boundary line between the land of different owners; hence there is no merit in the contention of respondents' counsel that the law is unconstitutional because its title embraces more than one subject. The subject is also expressed in its title.

Nor is there merit in the point that the appellants are not aggrieved parties with the rights of appeal. The plaintiff brought this action under the statute for the very purpose which the appellants insist the court shall determine, viz., a settlement and adjudication of the boundary lines between the respective lot owners. The titles are admitted as between the parties, and the sole question to be determined by the trial court is the true location upon the ground of the different lots. The law provides that under the act every allegation in every answer shall be deemed in issue without further pleading; and the law further provides that in rendering judgment the court shall locate and define the boundary lines involved by reference to some well-known permanent landmark; and, if it is for the interest of the parties, the court may, after judgment, direct a competent surveyor to establish a permanent landmark from which future surveys shall be made. This section of the law

requiring the court to render judgment locating and defining the boundary lines involved is mandatory, yet the trial court, after hearing the evidence, which would have justified a finding as to the boundary lines between the parties, omitted to do so, and as between plaintiff and the other parties to the action save the city of St. Paul dismissed the action. Especially do we think that the defendant Stevens was entitled to have the line between himself and plaintiff established by full findings upon all the issues, and the rights of the parties fully determined as to the true boundary lines.

Cause remanded, with directions to the trial court to proceed and make additional findings as to the actual lines upon the ground between the land of the plaintiff, Benz, and that of the defendant Stevens, the evidence already introduced to stand, with authority to the trial court to take additional evidence, if necessary, to establish such lines between Benz and Stevens.

After the remittitur from the supreme court had been filed in the lower court, the proceedings mentioned in the following opinion were taken. The court, O. B. Lewis, J., having allowed an amendment of the complaint, the St. Paul Title Insurance & Trust Company and others petitioned the supreme court for a peremptory writ of mandamus directing the above-named judge to entertain the application of the petitioners and proceed either to amend the findings in accordance with their application or, if additional testimony were needed, to take such testimony and proceed to make additional findings. An order to show cause was granted. Petition denied May 3, 1900.

*Stevens, O'Brien, Cole & Albrecht,* for petitioners.

*Munn & Thygeson,* for respondents.

PER CURIAM.

Application for a writ of mandamus directing the respondent to execute the mandate of this court in the foregoing case, the application being in behalf of defendants other than the city and the Kellys.

As will be seen the action was under the statute, G. S. 1894, §§ 5823–5829, to have the boundary lines between the owners of the lots in a certain block fixed and established, and among these

owners were plaintiff, Benz, and defendant Stevens, whose lots adjoined. The court below after determining the rights of the city adversely to plaintiff's claim, dismissed the action as to the other defendants, refusing by such dismissal to fix and establish the boundary lines. From an order denying a new trial these applicants appealed and the cause was remanded, with directions to the trial court to proceed and make additional findings as to the actual lines upon the ground between the land of the plaintiff, Benz, and that of the defendant Stevens, the evidence already introduced to stand, with authority to the trial court to take additional evidence, if necessary, to establish such lines between Benz and Stevens.

Upon remittitur application was made for the additional findings referred to and thereupon the plaintiff asked to amend his complaint so as to set up, as expressed by defendants' counsel, "pretended equities to estop one of the relators from asserting the true line." The object of the action was to ascertain, fix, and establish the actual boundary lines between the lots in this block and, because this was not done, the cause was remanded for additional findings "as to the *actual* lines upon the ground between the land" of Benz and the defendant who specially objects to the proposed amendment. It was not remanded to establish the plat lines only. As we understand the amendment, which was allowed, the purpose is to introduce evidence tending to show where these actual lines are. It may not have been necessary to amend, but this is of no consequence. And it may be that even if the allegations of the amendment be proved it will not avail the plaintiff, but this is to be determined at the trial, not upon the application for a writ of mandamus. We fail to see that the court below disregarded the mandate when it allowed the amendment.

Order to show cause discharged.